Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual<br><br>Plaintiff,<br><br>v.<br><br>DESERT LAKE GROUP, LLC, d/b/a FIRST CLASS HERB TINCTURE, d/b/a FIRST CLASS HERBALISTCBD, d/b/a FIRST CLASSHERBALIST OILS, d/b/a USAHERBALIST OILS,. BENSON CHRISTOPHER HUNTER, an individual. CHRIS TIRRELL ARMSTRONG, an individual. DARIN EDWARD TOONE, an individual. JARED C FORBUSH, an individual. JONATHAN KENT VIRGIN, an individual. NICHOLAS ANTHONY ARMSTONG, an individual. NICHOLAS LANE JESSEN, an individual RYAN DEAN HOGGAN, an individual | Civil Case No.:<br><br>1. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. NEGLIGENT VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)]<br>3. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>5. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ]47 C.F.R. § 64.1200(d)}<br><br>JURY TRIAL DEMANDED |

INITIAL COMPLAINT                                1

Defendants,

# PLAINTIFF'S ORIGINAL COMPLAINT

## PARTIES

1. The Plaintiff THANE CHARMAN ("Plaintiff") a natural person, resident of the Southern District of California, and was present in California for all automated text messages, in this case in San Diego County, California.

2. The Defendant Desert Lake Group ("Defendant") is a Limited Liability Company, and at all times mentioned herein was, organized and existing under the laws of Utah and with its principal place of business in Cottonwood Heights, Utah.

3. Defendant is a "person," as defined by 47 U.S.C. § 153(39).

4. Defendant can be served c/o Darin Toone at 1421 E Hover Ave Phoenix AZ 85006

5. Defendant Benson Christopher Hunter can be served at 4327 E Evans Ranch Dr Eagle Mountain UT 84005.

6. Defendant Chris Tirrell Armstrong can be served at 1626 E Timoney Rd Draper UT 84020.

7. Defendant Darin Edward Toone can be served at 1421 E Hover Ave Phoenix AZ 85006.

8. Defendant Jared C Forbush can be served at 318 West 250 South Kaysville UT 84037.

9. Defendant Honathan Kent Virgin can be served at 540 N Willow Haven Ave Lehi, UT, 84043.

10. Defendant Nicholas Anthony Armstong can be served at 5605 Ridge View Dr Alexandria VA 22310.

11. Defendant Nicholas Lane Jessen can be served at 4787 W Cobblefield Dr Herriman UT 84096.

12. Ryan Dean Hoggan can be served at 800-1199 West Hastings St. V6E 3T5. Vancouver, BC, Canada.

### JURISDICTION AND VENUE

5. **Jurisdiction**. This Court has subject matter jurisdiction over Counts I and II under 28 U.S.C § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

6. The Court has supplemental jurisdiction over Count III under 28 U.S.C § 1367.

7. **Personal Jurisdiction.** This Court has specific personal jurisdiction over Desert Lake Group because Defendant Desert Lake Group purposefully availed itself to the State of California and to this District, and there is a sufficient relationship between Desert Lake Group's purposeful contacts with California and the litigation:

INITIAL COMPLAINT                                   4

   a. Defendant Desert Lake Group targets California when marketing CBD TINCITURE AND OILS and regularly conducts business in this District, including telephone solicitation.

   b. Desert Lake Group called Plaintiff's San Diego-area phone number (with area code 619) to generate leads for Desert Lake Group's CBD TINCITURE AND OILS.

   c. These calls to California injured Plaintiff in California, creating a causal link among Defendant Desert Lake Group, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021

8. **Venue**. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct giving rise to this case, violating telephone calls received, substantially occurred in this District.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

9. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-

INITIAL COMPLAINT                                               5

178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10.  The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11.  The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12.  The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13.  Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

14.  The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

INITIAL COMPLAINT                                6

15. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

18. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks

INITIAL COMPLAINT                               7

omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19.   The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

20.   Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

21.   A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (Internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

22. At all times material hereto Plaintiff's number 619-3X0-X1X0 was successfully registered on the Do-Not-Call Registry.

23. Plaintiff's number 619-3X0-X1X0 was personally registered on the Do-Not-Call Registry in May 2018.

24. Plaintiff received at least nine (9) unauthorized automated text messages ("the text messages") to his personal cell phone number 619 3X0-X1X0 from Defendant soliciting their goods and services starting on January 25, 2020.

25. On or about January 25, 2020, at approximately 9:15 AM PST, Defendant sent an automated text message to Plaintiff's cellular telephone number from the telephone number 657-352-8362.

26. The text from paragraph (25) sent by Defendant reads as follows:

", dbd is proven to reduce pain. Anxiety and stess? It lega in all 50 states! Get yours now!"

27. The link embedded in the text message cbdmagic5.xyz redirects the recipient to a website which sells and promotes products and services offered by Defendant, including the product CBD described in the body of the text.

28. Table A below displays texts made to Plaintiff by Defendant:

TABLE A

INITIAL COMPLAINT                            9

| number | date | time | website | body |
|---|---|---|---|---|
| 6573528362 | 25-Jan-20 | 9:51 AM | cbdmagic5.xyz | , dbd is proven to reduce pain, anxiety and stess? It lega in all 50 states! get yours now! |
| 9495475981 | 26-Jan-20 | 10:07 PM | cbdmagic5.xyz | , dbd is proven to reduce pain, anxiety and stess? It lega in all 50 states! get yours now! |
| 7142646873 | 27-Mar-20 | 10:40 PM | purecbdcoffee.xyz | mate, CBD coffee a pwerful natural relief! Reduces pain aches anxiety and stress. Get yours now! |
| 3474470349 | 27-Jun-20 | 3:43 PM | naturalcbdgummy.xyz | mate, 100% pure cbd infused gummies is a powerful and & natural. Reduce pain, & anziety get yours now! Website |
| 7187533650 | 10-Jul-20 | 12:05 PM | 1bestcbdoil.xzy | , 100% pure cbd oil reduce pain, stress inflammation & Enhance focus. Get yours now! Website |
| 9292739054 | 19-Jul-20 | 11:25 AM | bestoilcbd.xzy | , 100% pure cbd oil reduce pain, stress inflammation & Enhance focus. Get yours now! Website |
| 9292850656 | 19-Jul-20 | 10:40 PM | 1bestcbdgummy.xyz | mate, 100% pure cbd infused gummies is a powerful and & natural. Reduce pain, & anziety get yours now! Website |
| 9177412670 | 26-Jul-20 | 5:53 PM | itsgreatnatural.xyz | , 100% pure herbal cbd coffee a powerful natural relief! Reduces pain aches, anxiety. Get yours now! Website |
| 9178532179 | 28-Jul-20 | 5:35 PM | tocbdoil.xyz | mate 100% pure cbd oil most pwerful you can buy. Reduce pain, stess & enhance focus. Get yours now! |

29.     Each and every text message redirects to a website owned by the Defendant and soliciting CBD.

30.     Defendant is an online seller of CBD oil-gummies-coffee.

31.     Defendant does not have any prior existing business relationship with Plaintiff. Plaintiff has never been a customer or client of Defendant. Defendant had no reason to have Plaintiff's phone number.  A random phone search is the only explanation for why the text messages were sent.

32.     The marketing messages are not directed to the Plaintiff and could have been sent to any person in the United States with a cell phone.

33.     Defendant do not know Plaintiff's phone number and thus had no ability to include the number 619 3X0-X1X0 as part of a database or spreadsheet.

34.     Defendant sent multiple texts sent to the Plaintiff from different phone numbers, often within hours or seconds of each other.

35.     Defendant sent multiple texts from different numbers having identical language in the body of the texts.

36.     Upon information and good faith belief, and in light of the nature and character of the text messages at issue—standardized, impersonal, identical spelling, and sent from

INITIAL COMPLAINT                              10

different phone numbers—the advertisement and marketing text messages at issue were sent by using ATDS as defined by 47 U.S.C. § 227(a)(1).

37. Plaintiff did not give Defendant his prior express written consent to receive the text messages.

38. Each and every call was placed without the maintenance of an internal do-not-call policy. Each and every call was placed without training their agents/employees on the use of an internal do-not-call policy.

39. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

40. No emergency necessitated any of the alleged illegal automated text messages.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

41. Defendant's automated text messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

42. Defendant's automated text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

43. Defendant's automated text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

44. Plaintiff has been harmed, injured, and damaged by the text messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration,

invasion of privacy, and more frequent charging of his cell phone.

## Plaintiff's cell phone is a residential number

45.  The text messages were to Plaintiff's cellular phone 619 3X0-X1X0 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

## COUNT ONE:
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing without Prior Express Written Consent
### (Against All Defendant)

46.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47.  Defendant and/or their agents placed automated text messages to Plaintiff's cellular telephone.

48.  Plaintiff never consented to receive automated text messages from Defendant. Plaintiff has had no relationship with Defendant.

49.  Defendant's automated text messages were made for purposes of advertising and marketing their goods and services. These automated text messages constituted commercial advertising and telemarketing as contemplated by the TCPA.

INITIAL COMPLAINT                    12

50. As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop their unlawful text message campaigns.

51. Not only did Defendant make these violating automated text messages, but Defendant and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3) (C).

52. If the Court finds that Defendant willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## COUNT TWO:
### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))
### (Against All Defendant)

53. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

55. Plaintiff was statutorily damaged at least nine (9) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the automated text messages described above, in the amount of $500 per automated text message.

56. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

57. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT THREE:
### Telemarketing without Mandated Safeguards, 47 C.F.R. § 64.1200(d)
### (Against All Defendant)

58. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

59. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

   a. A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [2];

   b. Training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [3]; and,

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).

   c. In the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

60. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c) (5)(B).

61. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff THANE CHARMAN prays for judgment against the Defendant jointly and severally as follows:

 A. Leave to amend this Complaint to name additional DOEs as they are identified and to conform to the evidence presented at trial;

 B. A declaration that actions complained of herein by Defendant violates the TCPA and California state law;

 C. An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

---

[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

INITIAL COMPLAINT       15

D. An award of $1500 per automated text message in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporations and individuals for nine (9) automated text messages.

E. An award of $1500 per automated text message in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporations and individuals for nine (9) automated text messages.

F. An award to Mr. Charman of damages, as allowed by law under the TCPA;

G. An award to Mr. Charman of interest, costs, and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

JURY TRIAL DEMANDED

Dated: October 16, 2023        Respectfully submitted,


By: /s/ Thane charman
    THANE CHARMAN
    *Plaintiff, Pro Se*