1  JEFFREY B. SETNESS, ESQ
2  California Bar No. 96773
   JEFFREY C. BRAMBLE, ESQ
3  Utah Bar No. 15548
4  (*Pro Hac Vice Application Pending*)
   FABIAN VANCOTT
5  411 East Bonneville Ave., Suite 400
   Las Vegas, Nevada 89101
6  jsetness@fabianvancott.com
7  jbramble@fabianvancott.com
   Telephone: 702-286-2626
8

9                    UNITED STATES DISTRICT COURT
10                  SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| THANE CHARMAN, individual, | Case No.:  23-cv-0959-BAS-KSC |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |
| DESERT LAKE GROUP, LLC, d/b/a FIRST CLASS HERB TINCTURE, d/b/a FIRST CLASS HERBALIST CBD, d/b/a FIRST CLASS HERBALIST OILS, d/b/a USA HERBALIST OILS, BENSON CHRISTOPHER HUNTER, an individual, CHRIS TIRRELL ARMSTRONG, an individual, DARIN EDWARD TOONE, an individual, JARED C FORBUSH, an individual, JONATHAN KENT VIRGIN, an individual, NICHOLAS ANTHONY ARMSTONG, an individual, NICHOLAS LANE JESSEN, an individual RYAN DEAN HOGGAN, an individual, | Hearing Date:     February 26, 2024 **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** Place:          James M. Carter and Judith N. Keep U.S. Courthouse 333 West Broadway Courtroom 12B, 12th Floor San Diego, CA 92101 Judge:          Hon Cynthia A. Bashant Complaint Filed:  May 25, 2023 Trial Date:       Not Set |
| Defendant. | |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION.

Plaintiff Thane Charman ("**Plaintiff**") alleges violations of the Telephone Consumer Protection Act ("**TCPA**") against all defendants claiming Defendant Desert Lake Group, LLC ("**Desert Group**") sent numerous unauthorized automated text messages to Plaintiff's personal cell phone soliciting goods and services. Through this lawsuit, Plaintiff seeks to hold Defendant Ryan Hoggan ("**Hoggan**") legally liable for the alleged unauthorized automated text messages sent to Plaintiff by Desert Group.

Plaintiff's service of the Amended Complaint and the Amended Complaint suffer fatal flaws: (1) the Amended Complaint was not properly served upon Hoggan, an individual, and (2) this Court does not have personal jurisdiction over Hoggan. Hoggan was not personally served with a copy of the Amended Complaint and therefore service of the Amended Complaint was improper. Additionally, Hoggan is not a resident of California, has not availed himself of the laws of California, has not taken affirmative steps to have a substantial or continuous presence in California, has no substantial connection with California, and did not direct the allegations actions taken by Desert Group. Accordingly, the Amended Complaint should be dismissed for insufficient service of process and lack of personal jurisdiction over Hoggan, and he must be dismissed from this lawsuit.

### II.  FACTUAL BACKGROUND.

#### a.  Pertinent Procedural Background.

Plaintiff filed his Complaint on May 25, 2023. (Dkt. No. 1) against Defendant Desert Group. That same day, a Summons was issued. (Dkt. 2). Plaintiff filed his Amended Complaint on October 16, 2023, against Defendants Desert Group and additionally named Benson Hunter, Chris Armstrong, Darin Toone, Jared Forbush, Jonathan Virgin, Nicholas Armstrong, Nicholas Jessen, and Hoggan as Defendants. (Dkt. 6). That same day, Amended Summonses were issued. (Dkt. No. 8).

2

### b.    Plaintiff's Allegations.

Plaintiff alleges this Court has specific personal jurisdiction over Desert Group because Desert Group "called Plaintiff's San Diego-area phone number (with area code 619) to generate leads…." (Am. Compl., ¶ 7.) Plaintiff alleges he "received at least nine (9) unauthorized automated text messages" from Desert Group soliciting its goods and services. (*Id.* at ¶ 24.) While Plaintiff alleges that "a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA" (*Id.* at ¶ 21), Plaintiff's Amended Complaint is devoid of any allegations regarding this Court's jurisdiction over Hoggan – either as a corporate officer of Desert Group or any involvement with the alleged unauthorized automated text messages. (*See generally* Am. Compl.)

### c.    Service of Process.

On November 16, 2023, Plaintiff apparently attempted to serve Hoggan personally but was unsuccessful. (*See* Proof of Service, Dkt. No. 10). On November 19, 2023, Plaintiff attempted to serve Hoggan personally at the same address but was unsuccessful. (*Id.*) On November 21, 2023, at 5:30 a.m. Plaintiff attempted again to serve Hoggan and claims that service was effectuated by personal service. (*Id.*). Specifically, the affidavit of service, signed by Clifford Griffis, states: "Personal service caught Ryan looking out window, was monitoring me from window cameras (attempted to evade), also Amazon packages at door with Defendant name on them. Announced service onto him ensuring he could hear me." (*Id.*).

However, the affidavit of service signed by Mr. Griffis is not accurate and contains false statements contradicted by text messages Mr. Griffis sent Hoggan. On November 16, 2023, at 3:49 p.m. MST, during the first alleged attempt to personally serve Hoggan with the Amended Complaint and Amended Summons, he was not home and was not aware service was attempted. (Declaration of Ryan Hoggan ("**Hoggan Decl**."), ¶ 13, attached as Exhibit 1). On November 19, 2023, at 8:05 a.m. MST, during the second alleged attempt to personally serve Hoggan, he again was not home, was not aware service was attempted, and was not attempting to evade service. (*Id.* at ¶ 14). On November 21, 2023, at 5:30 a.m.

3

1   MST, during the third alleged attempt to personally Hoggan, he was asleep in bed and did

2   not hear a knock or doorbell ring, if there was one. (*Id.* at ¶ 15). As a result, Hoggan did

3   not look out a window or monitor Mr. Griffis from a window camera that morning and was

4   not aware service was attempted. (*Id.* at ¶ 15).

5        The first time Hoggan learned Mr. Griffis was attempting to contact Hoggan was on

6   November 21, 2023, at 5:00 p.m. MST when Mr. Griffis sent Hoggan a text message. (*Id.*

7   at ¶ 16). The first text message stated that Mr. Griffis is a "PI doing process service, I have

8   some legal documents for you, since you don't seem to be home where do you want me to

9   leave the paperwork???" (*Id.* at ¶ 16). Mr. Griffis sent a second text message on November

10   21, 2023, at 6:01 p.m. MST that stated "left your paperwork at your front door…." (*Id.* at

11   ¶ 17). The text messages from Mr. Griffis contradict the statements made under oath in his

12   affidavit of service filed with this Court. (*See* Dkt. 10).

13        **d.**    **Personal Jurisdiction.**

14        Hoggan is a resident of Utah and has resided at his current residence since 2015.

15   (Hoggan Decl., ¶ 3). Hoggan is not registered to vote in California, does not have a

16   California driver's license, does not own property in California, does not conduct personal

17   business in California, and does not travel regularly to California. (*Id.* at ¶¶ 4-9). Other

18   than incidental travel through or an occasional vacation in California, Hoggan has no

19   connection with California. (*Id.* at ¶ 8).

20        With regard to Desert Group, Hoggan owned a minority membership interest in

21   Desert Group until May 2019 (*Id.* at ¶ 10). Hoggan was not a manager of the Desert Group

22   and not involved in the day-to-day operations of the business, including marketing

23   decisions. (*Id.* at ¶¶ 11-12).

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT      Case No. 23-cv-0959-BAS-KSC
OF MOTION TO DISMISS AMENDED COMPLAINT

1 | **III.   ARGUMENT.**

2 |     **a.   The Court Should Dismiss the Complaint for Insufficient Service of**
3 |           **Process.**

4 |     Rule 4 of the Federal Rules of Civil Procedure requires proper service of a summons

5 | and complaint. Pursuant to Rule 4, service upon an individual is accomplished as follows:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4" *Direct Mail Specialists v. Eclat Computerized Techs, Inc.,* 840 F.2d 685, 688 (9th Cir. 1988). While Rule 4 may be construed liberally, "substantial compliance" is required and "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* (citing *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986). Even a liberal construction of Rule 4 "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." *Mid-Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 300 (7th Cir. 1991).

The proper method of challenging the service of the summons and complaint is through a Rule 12(b)(5) motion for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). A motion brought under Rule 12(b)(5) challenges the validity of the actual method or manner of service of process. Once service of process is properly challenged, the plaintiff bears the burden of establishing the validity of such service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In deciding a motion to dismiss for insufficient

1  service of process a district court has broad discretion to either dismiss the action entirely

2  for failure to effect service or to quash a defective service and permit re-service. *See Jones*

3  *v. Automobile Club of Southern California,* 26 Fed.Appx. 740, 742 (9th Cir. 2002); *Stevens*

4  *v. Security Pacific Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976).

5      Here, Plaintiff failed to cause the Amended Summons and Amended Complaint to

6  be personally served upon Hoggan. The affidavit of service signed by Mr. Griffis and filed

7  by Plaintiff fails to show that the Amended Summons and Amended Complaint were

8  actually personally served upon Hoggan. The affidavit states that Mr. Griffis allegedly

9  caught Hoggan looking out a window at 5:30 a.m., on November 21, 2023, monitoring Mr.

10  Griffis from window cameras, and Mr. Griffis announced service unto Hoggan. (Dkt. No.

11  10). The affidavit of service fails to state that the Amended Summons and Amended

12  Complaint were personally served on Hoggan. Additionally, while the affidavit of service

13  claims to Hoggan was personally served the pleadings, the text messages sent by Mr.

14  Griffis to Hoggan contradict the affidavit of service. Mr. Griffis stated that as of 5:00 p.m.

15  on November 21, 2023, the pleadings had not yet been served because Hoggan was not

16  home. (Hoggan Decl., ¶ 16). The text messages further stated that Mr. Griffis left the

17  paperwork on the front door. *(Id.* at ¶ 17).

18      The foregoing facts show that Plaintiff failed to personally serve Hoggan with the

19  Amended Summons and Amended Complaint in accordance with Rule 4 of the Federal

20  Rules of Civil Procedure. Plaintiff's failure to comply with Rule 4 is fatal to his case and

21  the Amended Complaint against Hoggan should be dismissed.

22      **b.    The Court Should Dismiss the Complaint for Lack or Personal
           Jurisdiction over Defendant Hoggan.**

23

24      Under Rule 12(b)(2), a court may dismiss a case for "lack of personal jurisdiction

25  over the person." Fed. R. Civ. P. 12(b)(2). "Because California's long-arm statute allows a

26  court to exercise personal jurisdiction to the extent permitted by the Due Process Clause of

27  the United States Constitution, 'the jurisdictional analyses under state law and federal due

28  process are the same.'" *Komaiko v. Baker Technologies, Inc.,* 2020 WL 1915884, 4 (citing

1  *Yahoo! Inc. v. LA Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1205 (9ᵗʰ

2  Cir. 2006)). On a motion to dismiss for lack of personal jurisdiction, the non-moving party

3  bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing,* 539 F.3d

4  1011, 1015 (9th Cir. 2008).

5  In deciding a motion to dismiss, a district court may hold an evidentiary hearing or

6  rely on the pleadings and affidavits submitted to the court. *Id.; see also Mavrix Photo, Inc.*

7  *v. Brand Technologies, Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011). If an evidentiary hearing

8  is not held and the motion is decided on written materials, and the "[t]he plaintiff cannot

9  simply rest on the bare allegations of its complaint, but uncontroverted allegations in the

10  complaint must be taken as true." *Mavrix Photo, Inc.* 647 F.3d at 1223. However, the court

11  "may not assume the truth of the allegations in a pleading which are contradicted by

12  affidavit." *Id.*

13  Personal jurisdiction may be either general or specific. *Bristol-Myers Squibb Co. v.*

14  *Sup. Ct. Cal., San Francisco Cty.,* 137 S. Ct. 1773, 1780 (2017). "For an individual, the

15  paradigm forum for the exercise of general jurisdiction is the individual's domicile."

16  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Plaintiff's

17  Amended Complaint does not assert allegations of general jurisdiction against any

18  Defendant and therefore general jurisdiction need not be addressed. However, to the extent

19  an argument is made that general jurisdiction exists as to Hoggan, such an argument would

20  be futile and fail. Hoggan is not domiciled in California and does not have any connection

21  to California, such as owning property in California, having a California driver's license,

22  or other similar connections. (Hoggan Decl., ¶¶ 3-9).

23  In contrast, "[s]pecific jurisdiction exists when a case arises out of or relates to the

24  defendant's contacts with the forum." *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1068 (9th Cir.

25  2015). "It depends on an affiliation between the forum and the underlying controversy,

26  principally, activity or an occurrence that takes place in the forum State and is therefore

27  subject to the State's regulation." *Id.* To be subject to specific jurisdiction the Ninth Circuit

28  uses the following three-part test:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT         Case No. 23-cv-0959-BAS-KSC
OF MOTION TO DISMISS AMENDED COMPLAINT

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc.*, 433 F.3d at 1205–06. None of the foregoing factors are met in this case as to Hoggan.

First, Hoggan does not conduct business in California and did not direct the affairs of the Desert Group, including Desert Group's marketing or day-to-day business operations. (Hoggan Decl., ¶¶ 9-12). Further, Hoggan was not a manager of the Desert Group and only owned a minority interest in the company. (*Id*). Further, there are no allegations in the Amended Complaint regarding any actions taken by Hoggan on behalf of the Desert Group or directing that the alleged unauthorized automated text messages be sent. (*See generally* Am. Compl.). Put simply, Hoggan did not purposefully avail himself of the privilege of conducting activities in California.

Second, based on the foregoing facts, there are no claims asserted that arise out of or related to Hoggan's forum-related activities. Hoggan has no connections with California, did not conduct business in California, did not direct Desert Group to conduct business in California, or other activities that related to California or this matter.

Finally, on the facts presented here, and significant allegations lacking in the Amended Complaint, it would be unreasonable for this Court to assert personal jurisdiction over Hoggan. The connection between Hoggan and California is woefully lacking, and Plaintiff has failed to allege any connection between Hoggan and California.

Because Plaintiff cannot satisfy any of the elements to establish personal jurisdiction, and the facts presented here show there is no personal jurisdiction, Plaintiff's Amended Complaint and causes of action against Hoggan must be dismissed.

8

**IV.    CONCLUSION.**

For the foregoing reasons, Hoggan respectfully requests the Court dismiss Plaintiff's Amended Complaint against Hoggan.

DATED:        January 12, 2024

FABIAN VANCOTT

*/s/ Jeffrey B. Setness*
JEFFERY B. SETNESS
*Attorneys for Defendant Ryan Hoggan*

*/s/ Jeffrey C. Bramble*
JEFFREY C. BRAMBLE
(*Pro Hac Vice Application Pending*)
*Attorneys for Defendant Ryan Hoggan*

9