1  Lee Hejmanowski (SBN 166236)
   Micheal Wright (SBN 345946)
2  CALDARELLI HEJMANOWSKI PAGE & LEER LLP
   3398 Carmel Mountain Road, Suite 250
3  San Diego, CA 92121
   Tele: (858) 720-8080
4  leh@chpllaw.com; mlw@chpllaw.com

5  Attorneys for DEFENDANTS
   DESERT LAKE GROUP, LLC and CHRIS TIRRELL ARMSTRONG
6

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN, an individual, | Case No. 23-cv-0959-BAS-KSC |
| Plaintiff, | |
| v. | **DEFENDANTS DESERT LAKE GROUP, LLC AND CHRIS TIRRELL ARMSTRONG'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FRCP RULE 12(b)(6)** |
| DESERT LAKE GROUP, LLC d/b/a FIRST CLASS HERB TINCTURE, d/b/a FIRST CLASS HERBALISTCBD, d/b/a FIRST CLASSHERBALIST OILS, d/b/a USAHERBALIST OILS, BENSON CHRISTOPHER HUNTER, an individual; CHRIS TIRRELL ARMSTRONG, an individual; DARIN EDWARD TOONE, an individual, JONATHAN KENT VIRGIN, an individual, NICHOLAS LANE JESSEN, an individual; and RYAN DEAN HOGGAN, an individual, | Date: February 26, 2024<br>Judge: Cynthia Bashant<br>Ct Rm: 12B<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |
| Defendants. | |

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................... 1

II.  BACKGROUND .............................................................................................. 2

    A.   Plaintiff's Claims ................................................................................... 2

    B.   Desert Lake's Chapter 11 Bankruptcy ................................................... 2

III. LEGAL STANDARD ...................................................................................... 3

IV.  ARGUMENT ................................................................................................... 4

    A.   The Bankruptcy Court's Confirmation of Desert Lake's Bankruptcy Plan Discharged All Claims and Liabilities Incurred Prior to October 15, 2020. ...................................................................................................... 4

    B.   Plaintiff's FAC Fails to Allege Facts Sufficient to State a Claim Under The TCPA ............................................................................................... 6

    C.   The Claims Against Mr. Armstrong Are Barred Because Plaintiff Does Not Allege Facts Sufficient to Support Individual Liability. ................. 7

V.   CONCLUSION ................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 4, 8

*Balisteri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990) ............................. 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 3, 4

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) .................................... 4

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
    911 F.2d 242 (9th Cir. 1990) ............................................................................. 4

*Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) ................................................ 6, 7

*Ileto v. Glock, Inc.*, 349 F.3d 1191 (9th Cir. 2003) .................................................. 4

*Johnson v. Home State Bank*, 501 U.S. 78 (1991) ................................................... 5

*Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV-SCOLA,
    2013 WL 1283885 (S.D. Fla. Mar. 27, 2013) .................................................... 8

*Mora v. Zeta Interactive Corp.*, No. 116CV00198DADSAB,
    2016 WL 3477222 (E.D. Cal. June 27, 2016) ................................................ 7, 8

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ......................................... 4

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ...................................................... 3

*Stewart Foods, Inc. v. Broecker*, 64 F.3d 141 (4th Cir. 1995) ................................ 5

*Thompson v. Davis*, 295 F.3d 890 (9th Cir. 2002) ................................................... 4

*Trim v. Reward Zone USA LLC*, 76 F.4th 1157 (9th Cir. 2023) .............................. 7

*United States v. Reis*, 366 Fed. Appx. 781 (9th Cir. 2010 ....................................... 7

*Van Vechten v. Elenson*, 2013 WL 359750 (S.D.Fla. Jan.29, 2013) ........................ 8

*W. Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981) ...................................... 4

**Statutes**

11 U.S.C. 101(12) ..................................................................................................... 5

11 U.S.C. 101(5) ....................................................................................................... 5

11 U.S.C. 1141(d) ..................................................................................................... 6

11 U.S.C. 524 ........................................................................................................... 5

**Rules**

Fed.R.Civ.P. 12(b)(6) ..................................................................................... 1, 3, 4, 9

DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Thane Charman ("Plaintiff") filed the initial Complaint in this matter on May 25, 2023 alleging violations of the Telephone Consumer Protection Act ("TCPA") against Defendant Desert Lake Group, LLC (Desert Lake). Dkt No. 1. On October 16, 2023, Plaintiff filed a First Amended Complaint ("FAC") adding individual defendants Benson Christopher Hunter, Chris Tirrell Armstrong, Darin Edward Toone, Jared C. Forbush; Jonathan Kent Virgin, Nicolas Anthony Armstrong, and Nicholas Lane Jessen (collectively, "Individual Defendants"). Dkt No. 6.

This Court should dismiss Plaintiff's claims because Desert Lake's Chapter 11 Bankruptcy proceedings resulted in a discharge and a permanent injunction that bars Plaintiff's claims. Specifically, the Bankruptcy Court's September 30, 2020 Order Confirming Debtor's Plan Under Subchapter V of Chapter 11 ("Confirmation Order") bars any person from bringing claims that arose before October 15, 2020. *See* Confirmation Order (Request for Judicial Notice ["RJN"] Ex. 2), Exhibit 1, Confirmed Plan, ¶¶ 13.1–13.4; *see also* Final Decree (RJN, Ex. 3), ¶ E. Desert Lake's discharge and the Confirmation Order expressly enjoin the commencement or continuation of the present action.

Plaintiff's claims against individual defendant Chris Tirrell Armstrong ("Mr. Armstrong") also should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted for two reasons. First, to the extent Plaintiff seeks to hold the Individual Defendants vicariously liable for the acts and/or omissions of Desert Lake, such claims are subject to and barred by the permanent injunctions under the confirmed Chapter 11 plan. Second, Plaintiff's FAC fails to plead facts sufficient to hold Mr. Armstrong, or any of the Individual Defendants, personally liable for the alleged TCPA violations. Thus, this Court should dismiss Plaintiff's FAC in its entirety.

## II. BACKGROUND

### A. Plaintiff's Claims.

Plaintiff alleges he received nine (9) unauthorized automated text messages to his personal cell phone in violation of the TCPA. FAC ¶¶ 22, 28. The text messages allegedly were received between January 25, 2020 and July 28, 2020. FAC ¶ 28. All of Plaintiff's allegations relate to "Defendant"—defined by Plaintiff as Desert Lake Group, LLC. *See* FAC ¶¶ 2, 24–37, 41–43. Plaintiff does not allege any wrongdoing by any of the Individual Defendants. Specifically, the FAC fails to allege that any of the Individual Defendants had any direct, personal participation in or personally authorized the conduct alleged to have violated the TCPA. *See* generally, FAC.

### B. Desert Lake's Chapter 11 Bankruptcy.

On April 24, 2020, Desert Lake filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the District of Utah, thereby initiating Bankruptcy Case No. 20-22496. Bankruptcy Filing (RJN, Ex. 1). On July 23, 2020, Desert Lake submitted its Chapter 11 Plan (the "Plan" or "Confirmed Plan"), which the Bankruptcy Court confirmed on September 30, 2020. Confirmation Order, RJN Ex. 2. Paragraph 4 of the Confirmation Order provides:

> As of the Effective Date of the Confirmed Plan and pursuant to § 1141(d), the Debtor shall be, and hereby is, DISCHARGED of and from any debt that arose before the Effective Date, and any debt of a kind specified in §§ 502(g), 502(h) or 502(i). As of the Effective Date of the Confirmed Plan, all persons and entities shall be, and hereby are, ENJOINED permanently from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtor, its Estate or the Reorganized Debtor, on account of, or respecting any claims, interests, debts, rights, Causes of Action or liabilities, except only to the extent expressly permitted under the Confirmed Plan or this Confirmation Order.

*Id.* ¶ 4. Sections 13.1 and 13.2 of the Plan, attached to the Confirmation Order as Exhibit 1, states the following:

> **13.1 Continuation of Injunctions or Stays until Effective Date.** All injunctions or stays provided for in the Bankruptcy Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date. Further, unless the Plan provides otherwise, any injunctions or stays

2
DEFENDANTS' MEMORANDUM ISO MOTION TO DISMISS

ordered by the Bankruptcy Court shall continue in effect through and after the Effective Date.

**13.2 Injunction Relating to the Plan.** As of the Effective Date, all Persons are hereby permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively, or otherwise against the Debtor or its Estate, on account of, or respecting any Claims, debts, rights, Causes of Action or liabilities discharged or treated pursuant to the Plan, except to the extent expressly permitted under the Plan. Upon entry of the Confirmation Order, all holders of Claims and Equity Interests and other parties in interest, along with their respective present, future, or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan. Further, except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtor, or who have held, hold or may hold any debt or interest relating to the Debtor, are permanently enjoined, from and after the Effective Date, to the maximum extent permitted by law, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim, debt or interest against Reorganized Debtor, or (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the immediate or any mediate transferee of any property distributed pursuant to the Plan or of any putative securities, based upon a claim that the transferor's receipt of such property constituted a fraudulent conveyance, preference, violation of bulk sales or other law, or based upon any other claim that receipt and or distribution of property by transfer pursuant to the Plan is wrongful, whether in law or equity.

*Id.* ¶¶ 13.1, 13.2.

Paragraph E of the Final Decree states that the Effective Date occurred on October 15, 2020. Final Decree, RJN Ex. 3.

### III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007).

As the Supreme Court has said, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' *devoid* of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must set forth "well pleaded" facts (versus bare legal conclusions) that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. "[F]or a complaint to survive a motion to dismiss, the non–conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Ashcroft*, 556 U.S. at 678 ("the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."). If a plaintiff fails to state a claim, the Court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### IV.   ARGUMENT

**A.   The Bankruptcy Court's Confirmation of Desert Lake's Bankruptcy Plan Discharged All Claims and Liabilities Incurred Prior to October 15, 2020.**

The Bankruptcy Court's confirmation of Desert Lake's bankruptcy plan discharged all claims and liabilities incurred prior to October 15, 2020, the Effective Date of the Plan. Confirmation Order, RJN Ex. 2. Further, the Confirmation Order

and Confirmed Plan go beyond a statutory discharge. They include a broad injunction that bars Plaintiff's claims.

11 U.S.C. 524 describes the effect of a discharge as "void[ing] any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged" and it "operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset any such debt ..." 11 U.S.C. 524(a).

The Bankruptcy Code defines "debt" as a "liability on a claim." 11 U.S.C. 101(12). A "claim" is defined as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, undisputed, legal, equitable, secured, or unsecured. 11 U.S.C. 101(5). The Bankruptcy Code evinces Congress' intent, by its use of this language, to adopt the broadest available definition of "claim." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *see also Stewart Foods, Inc. v. Broecker*, 64 F.3d 141, 144 (4th Cir. 1995) ("Congress intended to adopt the broadest possible definition of the term 'claim,' so that a bankruptcy case would deal with all the debtor's legal obligations.").

Desert Lake filed for Chapter 11 bankruptcy on April 24, 2020. Bankruptcy Filing, RJN Ex. 1. On July 23, 2020, Desert Lake submitted its Chapter 11 Plan, which the Bankruptcy Court confirmed on September 30, 2020. The Plan provides that "… all Claims against the Debtor shall be released except as provided by the Plan." Confirmation Order, RJN Ex. 2, Ex. 1 § 5.7.

Paragraph 4 of the Confirmation Order states that "as of the Effective Date of the Confirmed Plan ... the Debtor shall be, and hereby is, DISCHARGED of and from any debt that arose before the Effective Date…" Confirmation Order ¶ 4, RJN Ex. 2. Paragraph 4 goes on to say that "[a]s of the Effective Date of the Confirmed Plan, all persons and entities shall be, and hereby are, ***ENJOINED permanently from commencing or continuing,*** in any manner or in any place, ***any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the***

***Debtor***, its Estate or the Reorganized Debtor, on account of, or respecting any claims, interests, debts, rights, Causes of Action or liabilities, except only to the extent expressly permitted under the Confirmed Plan or this Confirmation Order." Confirmation Order ¶ 4, RJN Ex. 1 (emphasis added).

Here, Plaintiff's claims relate to each alleged text message Plaintiff received, and each of those claims accrued on the date that he received each message. Plaintiff received all the alleged text messages between January 25, 2020 and July 28, 2020. Because each of the alleged text messages occurred prior to the October 15, 2020 Effective Date, Plaintiff's claims are enjoined as a result of Desert Lake's Chapter 11 Bankruptcy. Under the plain language of 11 U.S.C. 1141(d) and Desert Lake's Confirmed Plan, Desert Lake's alleged liability for violations of the TCPA which occurred before the Effective Date, have been discharged. Accordingly, each cause of action asserted against Desert Lake must be dismissed.

### B. **Plaintiff's FAC Fails to Allege Facts Sufficient to State a Claim Under The TCPA.**

Plaintiff alleges that nine (9) unauthorized automated text messages to his personal cell phone violated the TCPA. FAC ¶¶ 22, 28. As alleged, the purported text messages are not actionable under the United States Supreme Court's narrow reading of the TCPA.

In *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021), the United States Supreme Court adopted a narrow reading of the TCPA which excludes most modern dialing technology that targets known lists of customers from the definition of "Automatic telephone dialing system". (*Id.* at 1167-1170.) The definition of ATDS is now a narrow one, and it appears to exclude modern dialing technology (including predictive dialers) that targets known lists of customers—and appears to apply only to seldom-used robocalling machines with the capacity to dial numbers randomly or sequentially. (*Id.* at 1171.) The court held: "to qualify as an 'automatic telephone dialing system' under the TCPA, a device must have the capacity either to store a telephone number

using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." (*Id.* at 1167.) For a unanimous majority Justice Sotomayor wrote: "the question before the Court is whether [the ATDS] definition encompasses equipment that can 'store' and dial telephone numbers, even if the device does not 'us[e] a random or sequential number generator.' It does not." (*Id.*)

Moreover, in *Trim v. Reward Zone USA LLC*, 76 F.4th 1157 (9th Cir. 2023), the Ninth Circuit affirmed a trial court's dismissal of a class action lawsuit alleging that mass marketing text messages violated the TCPA based on its holding that text messages do not violate section 227 of the TCPA because they are not a "prerecorded voice." (*Id.* at 1163-1164.)

Here, the FAC is *devoid* of facts establishing that the alleged text messages at issue could violate the TCPA. Specifically, the FAC contains no facts establishing that the devices used to send the alleged text messages used any random or sequential number generator. Thus, the FAC fails to state sufficient facts to establish that the alleged text messages could be actionable under the TCPA.

### C. The Claims Against Mr. Armstrong Are Barred Because Plaintiff Does Not Allege Facts Sufficient to Support Individual Liability.

The claims against Mr. Armstrong, and the other Individual Defendants, are also barred because the FAC fails to alleges facts sufficient to support individual liability for violating the TCPA against Mr. Armstrong or any of the other Individual Defendants for the same reason.

As a general rule of agency law, the personal liability of a corporate director or officer must be "founded upon specific acts by the individual director or officer." *Mora v. Zeta Interactive Corp.*, No. 116CV00198DADSAB, 2016 WL 3477222, at *2 (E.D. Cal. June 27, 2016) (quoting *United States v. Reis*, 366 Fed. Appx. 781, 782 (9th Cir. 2010).

Though district courts have held that corporate actors may be held individually liable for violating the TCPA where they "had direct, personal participation in or personally authorized the conduct found to have violated the statute," "corporate officers have not been found personally liable for such violations, [when] the evidence of the corporate officer's direct participation in the wrongdoing has been lacking." *Id.* at *2. "Obviously, no relief can be granted where a plaintiff does not assert any substantive causes of action against a particular defendant." *See Van Vechten v. Elenson*, 2013 WL 359750, at *10 (S.D.Fla. Jan.29, 2013). "Nor does a complaint suffice if it tenders 'naked assertion[s]' *devoid* of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678.

In *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV-SCOLA, 2013 WL 1283885 (S.D. Fla. Mar. 27, 2013) the plaintiff alleged that the individual defendant was "vice president and 20% owner" and "controlled the policies and practices of [Gulf Coast] regarding the TCPA and [who] authorized those policies and practices complained of herein." *Id.* at *1. Aside those allegations, the Complaint did not name the individual defendant in any count and did not assert any cause of action against him personally. *Id.* The court held that because the complaint made no other factual allegations against the individual defendant, and failed to assert any cause of action against him personally, the complaint did not satisfy the Rule 8 pleading standard. *Id.*

The facts here are substantially similar. Plaintiff's FAC does not allege Mr. Armstrong's role at Desert Lake, nor does it allege that Mr. Armstong had any direct participation or direct control related to the alleged text messages. (And even if the complaint included a "conclusory statement" to that effect without specific factual enhancement, it would not suffice.) Accordingly, Plaintiff fails to sufficiently state a claim against Mr. Armstong.

Moreover, allowing individual claims to proceed against Mr. Armstrong would be improper as it would force Desert Lake to indemnify him in an improper end-run around the Bankruptcy Court injunction against claims against Desert Lake.

Therefore, Plaintiff's FAC must also be dismissed under Rule 12(b)(6) as to Mr. Armstrong.

## V. CONCLUSION

Plaintiff's claims against Desert Lake must be dismissed because Plaintiff's claims are enjoined as a result of Desert Lake's Chapter 11 bankruptcy. Plaintiff's claims against Mr. Armstrong must also be dismissed because Plaintiff fails to plead facts sufficient to hold Mr. Armstrong individually liable for the TCPA violations. Since Plaintiff's FAC is completely *devoid* of any facts establishing liability on the part of the Individual Defendants, Defendants Desert Lake and Mr. Armstrong request that the Court dismiss Plaintiff's FAC in its entirety.

Dated: January 15, 2024                **CALDARELLI HEJMANOWSKI PAGE & LEER LLP**

By:   /s/ *Lee H. Hejmanowski*
   Lee E. Hejmanowski
   Micheal L. Wright

Attorneys for Defendants DESERT LAKE GROUP, LLC and CHRIS TIRRELL ARMSTRONG