# EXHIBIT 3

**This order is SIGNED.**

**Dated: December 23, 2020**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*Order Prepared and Submitted by:*

Matthew M. Boley (8536)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
E-mail:  mboley@ck.law

*Attorneys for* Reorganized Debtor
DESERT LAKE GROUP, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**DESERT LAKE GROUP, LLC**,<br>a/k/a 4BUSH HOLDINGS LLC**,**<br><br>Debtor. | Bankruptcy No. 20-22496<br><br>Chapter 11<br>(Under Subchapter V) |

### FINAL DECREE, ORDER CLOSING CASE, AND
### ORDER TERMINATING AND DISCHARGING THE SUBCHAPTER V TRUSTEE

This matter is before the Court upon the *Motion for Entry of Final Decree and Order (A) Closing Case and (B) Terminating and Discharging the Subchapter V Trustee*, dated September 25, 2020 [Docket No. 133] (the "**Motion**"), filed by DESERT LAKE GROUP, LLC a/k/a 4BUSH HOLDINGS LLC, reorganized debtor (the "**Debtor**" or the "**Reorganized Debtor**") in the above-captioned bankruptcy case (the "**Case**").

After reviewing the Motion and such other matters of record as the Court deemed appropriate, in light of the undisputed facts set forth in the Motion, and after considering such other and further matters as the Court deemed appropriate, the Court hereby

{00527512.DOC /}

**EXHIBIT  3**
**PAGE  54**

**FINDS AND CONCLUDES** as follows:

A.  the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334;

B.  the Motion presents a core proceeding pursuant to 28 U.S.C. § 157;

C.  notice of the Motion, and of the opportunity for hearing thereon, was sent to parties in interest in accordance with the Federal Rules of Bankruptcy Procedure, and such notice was adequate and proper within the meaning of 11 U.S.C. § 102(1);

D.  no creditor, party-in-interest or other person has objected to the Motion or to the relief requested therein;

E.  the *Order Confirming Debtor's Plan under Subchapter V of Chapter 11* [Docket No. 115] (the "**Confirmation Order**") has become final, and the "Effective Date" of the *Debtor's Plan under Subchapter V of Chapter 11 dated July 23, 2020* (as modified by and confirmed by the Confirmation Order, the "**Confirmed Plan**" or the "**Debtor's Plan**") occurred on October 15, 2020;

F.  the Debtor's Plan was confirmed pursuant to section 1191(a) of the Bankruptcy Code; thus, the provisions of subchapter V of chapter 11 of the Bankruptcy Code specific to a plan confirmed by "cram down" under subsection 1191(b) do not apply;

G.  from and after the Effective Date, the Debtor has acted as Reorganized Debtor pursuant to the terms and conditions of the Confirmation Order and the Confirmed Plan;

H.  all property of the bankruptcy estate has been vested in the Debtor in its capacity as Reorganized Debtor;

I.  all claims Bar Dates have passed;

J.  the Reorganized Debtor has completed an analysis of all claims, and has completed all claims litigation;

K.  the Reorganized Debtor has commenced making payments and distributions as contemplated under the Confirmed Plan;

{00527512.DOC /}

**EXHIBIT 3
PAGE 55**

L.   all motions, claim objections, contested matters and adversary proceedings arising in, arising under or relating to the Case have been, or concurrent with entry of this order are, finally resolved;

M.   the Reorganized Debtor has determined that there is no further need for active administration and oversight of the Case by the Court at this time;

N.   on November 23, 2020, the Reorganized Debtor filed in the Case its *Notice of Substantial Consummation of Confirmed Plan under Subchapter V of Chapter 11* [Docket No. 132] ("**Notice of Substantial Consummation**"), and thereafter served said notice upon parties-in-interest;

O.   continued service of D. Ray Strong as the "**Subchapter V Trustee**" is not necessary under the Confirmed Plan or under any applicable provision of the Bankruptcy Code;

P.   consistent with the provisions of the Confirmed Plan and the applicable provisions of the Bankruptcy Code, this Order terminates, discharges and releases the Subchapter V Trustee;

Q.   the Debtor's chapter 11 bankruptcy estate has been fully administered;

R.   the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and

S.   the Motion is well taken, and should be granted.

WHEREFORE, based upon the Motion, the foregoing findings and conclusions and other matters of record, and good cause appearing, it hereby is

**ORDERED** that:

1.   the Motion and the relief requested in the Motion shall be, and hereby is, GRANTED;

2.   the permanent injunctions under paragraphs 4 and 5 of the Confirmation Order and under the Confirmed Plan, including sections 5.7, 5.8, 13.1, 13.2, 13.3, 13.4 and 13.5 thereof, are not abated or affected by this order, and shall remain in full force and effect;

{00527512.DOC /}

**EXHIBIT 3**
**PAGE 56**

3. pursuant to section 11.4.3 of the Confirmed Plan and 11 U.S.C. § 350(b), the Reorganized Debtor or the Subchapter V Trustee may obtain entry of an order reopening the Case if necessary to obtain any relief or order from the Court consistent with the Confirmed Plan;

4. pursuant to 11 U.S.C. § 1183(c) and the terms of the Confirmed Plan, the service of D. Ray Strong as Subchapter V Trustee shall be, and hereby is, terminated, and D. Ray Strong is released and discharged from further obligations as trustee relating to the Case or the Reorganized Debtor;

5. this Order constitutes a "Final Decree" in the Case; and

6. pursuant to 11 U.S.C. § 350, Federal Rule of Bankruptcy Procedure 3022 and Local Rule 3022-1, this Case shall be, and hereby is, CLOSED.

-------------------------------------- END OF DOCUMENT --------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER** shall be made to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

- **Matthew M. Boley**   mboley@ck.law, klopez@ck.law
- **D. Ray Strong tr**   rstrong@thinkbrg.com, UT30@ecfcbis.com;drstrong@ecf.axosfs.com
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **Melinda Willden tr**   melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;James.Gee@usdoj.gov;Rinehart.Peshell@usdoj.gov

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

☐   None

☐   If there are additional parties list the names and addresses of the additional parties.

☒   All parties on the Court's official case matrix.

/s/ Matthew M. Boley

{00527512.DOC /}

**EXHIBIT 3**
**PAGE 58**