Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual<br>　　　　　Plaintiff,<br>v.<br>DESERT LAKE GROUP, LLC, d/b/a FIRST CLASS HERBTINCTURE, d/b/a FIRST CLASSHERBALISTCBD, d/b/a FIRSTCLASSHERBALIST OILS, d/b/a USAHERBALIST OILS,. BENSON CHRISTOPHER HUNTER, an individual. CHRIS TIRRELL ARMSTRONG, an individual. DARIN EDWARD TOONE, an individual. JARED C FORBUSH, an individual. JONATHAN KENTVIRGIN, an individual. NICHOLAS ANTHONYARMSTONG, an individual. NICHOLAS LANE JESSEN, an individual. RYAN DEAN HOGGAN, an individual<br>　　　　　Defendants, | Civil Case No.: 3:23-cv-00959-BAS-KSC<br><br>**OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

**OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

1.      **<u>The Defendant argues that the Bankruptcy Court's Confirmation of Desert Lake's Bankruptcy Plan Discharged All Claims and Liabilities Incurred Prior to October 15, 2020.</u>**

2.      Defendant is correct that a discharge under Section 1141 would discharge all claims and debts owed by the Chapter 11 Debtor. As such, efforts to collect as to Desert Lake Group LLC are barred, and Plaintiff will dismiss defendant Desert Lake Group LLC.

3.      However, Defendants Ryan Hoggan ("Hoggan"), Chris Armstrong ("Armstrong") ETC ETC are individuals and were NOT the "Debtor" in the Chapter 11, subchapter V business bankruptcy filed by Desert Lake LLC.   In fact the Final Order granting plan confirmation (and discharge) indicates the bankruptcy was filed by Desert Lake Group LLC, a/k/a 4Bush Holdings, LLC.  There is nothing in any of the paperwork to indicate that any other entity or person is the Debtor in the case.  As such, no other non-Debtor entities are protected by the discharge injunction as to any claims under which they are found to have individual liability. In fact, as they are individuals, they could not have been a part of the Subchapter V Business Bankruptcy.

4.      In a Chapter 11, Subchapter V, Business bankruptcy, there are many possible players, the "Debtor," creditors, shareholders, officers and employees to name a few. These other "Non-Debtor" entities are not the Debtor and are not afforded the protections (nor take the risks) of the Debtor.

**OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

5.      For example, the 9th Circuit BAP in Lafferty v. Off-Spec Solutions *Lafferty v. Off-Spec Sols. (In re Off-Spec Sols.)*, BAP ID-23-1020-GCB (B.A.P. 9th Cir. Jul. 6, 2023) engaged in a dissection of the issue of whether section 523(a)(6) claims against the Debtor, its owners and its parent company would withstand a Chapter 11 Subchapter V Business bankruptcy discharge.  The BAP decided that 523(a)(6) claims do not.  But germane to the issue here, in footnote #5 the Court indicated:

> "The bankruptcy court dismissed the complaint as to all defendants after determining that the claims against non-debtors were not related to the bankruptcy case. The dismissal of claims against non-debtors is not at issue in this appeal. *However, we note that, to the extent Appellant asserts claims against non-debtors, such claims will not be affected by Debtor's discharge* [emphasis added].

In other words, the non-debtor entities, (parent company and owners) were not protected by the bankruptcy discharge the Debtor Corporation would receive.

6.      Similarly, in Silver State v.  Carmel, *Silver State Broad. v. Carmel (In re Silver State Broad.)*, BAP NV-23-1111-NFB (B.A.P. 9th Cir. Feb. 13, 2024), the BAP was asked to extend the automatic stay under section 362 of the Bankruptcy code to protect Non-debtors. In the Silver State Bankruptcy case the Debtors were 3 LLC's that were jointly administered. In that case, the Debtors sought to have the Court extend the automatic stay as to Royce International (an equity holder) and Ed Stoltz the owner of Royce International.  The BAP indicated:

**OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

> "Nothing in the express language of § 362(a) extends the automatic stay to non-debtors. The automatic stay protects only the debtor, the debtor's property, and the property of the debtor's bankruptcy estate. § 362(a). It does not protect the debtor's owners, affiliates, or co-obligees."

Again, it is clear that the protections afforded to the DEBTOR in a bankruptcy case are only afforded to the Debtor absent special circumstances. Here, the individuals named in the TCPA action are not protected by the discharge afforded to Desert Lake Group LLC.

7.  **Plaintiff's FAC Fails to Allege Facts Sufficient to State a Claim Under The TCPA.**

8.  Paragraphs 31 thru 36 of the FAC state facts that indicate that the texts sent by defendant used a random or sequential number generator IE ATDS.

9.  Defendant relies on Facebook, Inc v Duguid to assert that unsolicited text messages are no longer viable TCPA violation cases. However, various courts have found that dismissal of TCPA text violations cases is not appropriate at the pleadings stage. In fact, in two recent Ninth circuit TCPA cases dealing with text messages, the Courts have ruled Duguid vs. Facebook does not apply at the motion to dismiss stage of litigation.

10. In *Cupp v. First National Collection Bureau, Inc.,* No. C 22-08112 2023 WL 2311967 (N.D. Cal. Feb. 28, 2023) the courts held *While [the] complaint does not allege facts detailing exactly how defendant's text messaging system functions, it does allege*

**OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

*that plaintiff received fifteen such messages in the rough span of one month…. Because there are material issues of fact remaining — namely how defendant's dialing system functions — judgment on the pleadings is inappropriate. Defendant's motion for judgment on the TCPA claim is DENIED*

11. In *Gross v. Gg Homes*, Case No. 3:21-cv-00271-DMS-BGS, 2021 U.S. Dist. The honorable Chief Judge Dana M. Sabraw has ruled in the Southern district of California, that the US supreme Court's ruling in Duguid Vs. Facebook does not apply at the motion to dismiss stage of litigation, but it is more properly applied at the Rule 56 MSJ stage.

12. **Defendant alleges the Claims Against Mr. Armstrong Are Barred Because Plaintiff Does Not Allege Facts Sufficient to Support Individual Liability.**

13. For decades, courts have agreed that the TCPA's language allows for personal liability for corporate officers. The key ruling setting the standard for personal liability in these cases is the Western District of Texas Court's 2001 ruling in *Texas vs. American Blast Fax, Inc*. In its ruling, the court set forth the precedent that "an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved.

14. Defendant Armstrong is at the center of a business enterprise thru a web of interlocking LLC and Corporations that includes Desert Lake Group LLC. See

**OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Consumer Reports article titled "Beware Dietary Supplements Marketed Online" See Exhibit A and B.

15. For Further understanding of how Defendants Hoggan and Armstrong business enterprise works see the cyber security company Risky, Inc's report "Scam Nation Monetizing the Pandemic through Partisan Content Farms and Subscription Traps" See Exhibit C.

16. The business enterprise included not only Desert Lake Group LLC but over a dozen companies that are operated and controlled by the Defendants Hoggan and Armstrong.

17. Defendants Hoggan and Armstrong deliberately attempt to mask their business identities and protect themselves from liability and prosecution. It is a shell game. The Consumer reports investigation into Defendants included a review of hundreds of pages of corporate filing, court records and document obtained through public records request as well as interview with advocates, lawyers and consumers.

18. The riskIQ investigation led to the mapping out of interconnected networks of websites—often referred to as "content farms"—that push fake or misleading news articles covering multiple topics, including the COVID-19 pandemic. The investigation also led to identifying the actors behind these fraudulent networks.

**OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

19. The Consumer reports-RiskIQ investigations found that defendants and their business enterprise are selling their product through robocalls, spam emails and text.

20. Defendants Hoggan and Armstrong's business enterprise relied on the help of numerous parties-marketers, payment processors, supplier, retailers working hand in hand. And are structured in ways that insulate them from legal and financial backlash.

21. The Certificate of Organization of Desert Lake Group, LLC states that it is a limited liability company that will be managed by its Members.

22. During the period when the Desert Lake Group sent the texts to plaintiff Chris Armstrong was a member of the LLC and therefore a manager.

23. The Consumer reports article further alleges that Defendant Armstrong is in charge of the marketing of the business enterprise which Desert Lake Group is a part of.

24. Defendant Armstrong's marketing directions for Desert Lake Group occurred after company was served with multiple complaints alleging violation of the TCPA.

25. It is a reasonable inference to draw from the pleadings that this High-level Defendant Armstrong personally participated in, had personal knowledge of, and directed the activities to include marketing of Desert Lake group in knowing violation of TCPA.

26. Defendant Armstrong as manager directed Desert Lake Group to conduct business in California.

27. It is reasonable to infer that The Courts have personal jurisdiction Defendant Armstrong.

**OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

| | |
|---|---|
| Dated: March 22, 2024 | Respectfully, submitted, |
| | By: /s/ *Thane Charman* |
| | THANE CHARMAN |
| | *Plaintiff, Pro Se* |

**OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**