Lee Hejmanowski (SBN 166236)
Micheal Wright (SBN 345946)
CALDARELLI HEJMANOWSKI PAGE & LEER LLP
3398 Carmel Mountain Road, Suite 250
San Diego, CA 92121
Tele: (858) 720-8080
leh@chpllaw.com; mlw@chpllaw.com

Attorneys for DEFENDANTS
DESERT LAKE GROUP, LLC and CHRIS TIRRELL ARMSTRONG

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, an individual,<br><br>　　Plaintiff,<br><br>v.<br><br>DESERT LAKE GROUP, LLC d/b/a FIRST CLASS HERB TINCTURE, d/b/a FIRST CLASS HERBALISTCBD, d/b/a FIRST CLASS HERBALIST OILS, d/b/a USAHERBALIST OILS, BENSON CHRISTOPHER HUNTER, an individual; CHRIS TIRRELL ARMSTRONG, an individual; DARIN EDWARD TOONE, an individual, JONATHAN KENT VIRGIN, an individual, NICHOLAS LANE JESSEN, an individual; and RYAN DEAN HOGGAN, an individual,<br><br>　　Defendants. | Case No. 23-cv-0959-BAS-KSC<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date:<br>Judge:　　Hon. Cynthia Bashant<br>Ct Rm:　　12B<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

1
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Chris Tirrell Armstrong ("Armstrong") and Desert Lake Group, LLC ("Desert") (collectively, "Defendants") file this Reply to Plaintiff's Opposition to their Motion to Dismiss.

## I.   INTRODUCTION

Plaintiff's Opposition concedes that "efforts to collect as to Desert Lake Group LLC are barred" and Plaintiff has already dismissed Desert Lake Group LLC. Plaintiff's Opposition, Dkt No. 36, ¶ 2; Order Granting Motion to Dismiss, Dkt No. 30. Accordingly, the only argument left is whether Plaintiff's First Amended Complaint ("FAC") states sufficient facts for liability against Armstrong. As outlined in the opposition, Plaintiff fails to understand that *specific* allegations pertaining to Armstrong's personal liability must be alleged in the FAC. Hence, aside from alleging Armstrong "can be served at 1626 E Timoney Rd Draper UT 84020," there are no other facts in Plaintiff's FAC that support Armstrong's personal liability. FAC, Dkt No. 8, ¶ 6. Moreover, even if Plaintiff alleged facts sufficient to show Armstrong's personal involvement, the allegations in Plaintiff's FAC fail to show that the TCPA applies to Defendants' conduct. Therefore, Plaintiff's FAC should be dismissed.

## II.   ARGUMENT

### A.   **Plaintiff's FAC Fails to State a Claim Against Armstrong Because There Are No Allegations Showing His Personal Involvement.**

Plaintiff's FAC does not state a claim against Armstrong because Plaintiff fails to allege facts showing Armstrong was personally involved in sending any text messages to Plaintiff. "A corporate officer 'may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved.'" *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, No. 14 C 5602, 2019 WL 527497, at *6 (N.D. Ill. Feb. 11, 2019), *aff'd,* 961 F.3d 942 (7th Cir. 2020). Even

though pro se complaints are held to a less stringent standard than complaints drafted by lawyers, "the court need not assume the truth of legal conclusions cast in the form of factual allegations." *Mora v. Zeta Interactive Corp.*, No. 116CV00198DADSAB, 2016 WL 3477222, at *2 (E.D. Cal. June 27, 2016). Indeed, "pro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure. *Saidin v. New York City Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007). "Moreover, it is inappropriate to assume that the plaintiff 'can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged.'" *Ibid.* (quoting *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526).

In opposition, Plaintiff argues that *Texas v. Am. Blast Fax, Inc.*, 159 F. Supp. 2d 936, 940 (W.D. Tex. 2001) somehow supports his argument that the FAC sufficiently alleges facts to support personal liability as to Armstrong. Plaintiff's Opposition, Dkt No. 36, ¶ 13. However, *Texas* does no such thing. The decision in that case simply held that there was a dispute of fact at the summary judgment stage about defendants' personal liability. *Texas,* 159 F. Supp. 2d at 940. Instead, as argued in Defendants' moving papers, *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV-SCOLA, 2013 WL 1283885 (S.D. Fla. Mar. 27, 2013) is directly on point aside from its procedural posture. In *Mais*, the court found that alleging defendant "'was the vice president and 20% owner of'" the company and "controlled the policies and practices'" of the company was not sufficient to establish personal liability. *Mais*, 2013 WL 1283885 at *3 ("Because the Complaint fails to plead any substantive cause of action against Brown individually and otherwise contains scant factual allegations as to his role in the conduct complained of, the Plaintiff cannot obtain any relief from Brown as a matter of law.")

Here, Plaintiff's FAC contains even less factual detail than *Mais*. The only allegation related to Armstrong is that he "can be served at 1626 E Timoney Rd Draper

UT 84020." FAC, Dkt No. 8, ¶ 6. Unlike *Mais,* Plaintiff failed to allege a single fact about Armstrong's role at Desert Lake. While Plaintiff claims additional facts in his Opposition that are not in his FAC, this Court "must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint." *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Not only is this Court required to disregard the additional facts stated in Plaintiff's Opposition, but also this Court is required to disregard the exhibits Plaintiff filed in support of his Opposition because he failed to lay a foundation for them, he failed to request judicial notice of them and the exhibits do not fall within the purview of judicial notice. Fed. R. Evid. 201(b). Because Plaintiff's FAC fails to allege sufficient facts regarding Armstrong's personal liability, the FAC should be dismissed.

**B.  Plaintiff's FAC Fails to State a Claim Because Defendants' Alleged Conduct Does Not Fall Within the Purview of the TCPA**

Plaintiff's Opposition relies upon *Gross v. GG Homes, Inc.*, No. 321CV00271DMSBGS, 2021 WL 4804464 (S.D. Cal. Oct. 14, 2021) and *Cupp v. First Nat'l Collection Bureau, Inc.*, No. C 22-08112 WHA, 2023 WL 2311967 (N.D. Cal. Feb. 28, 2023) to support the argument that *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) does not apply at the pleading stage. Plaintiff's Opposition, Dkt No. 36, ¶ 2 ¶¶ 8-11. However, Plaintiff's Opposition misconstrues the holdings in these cases because neither case makes such a broad proclamation. Specifically, the court in *Gross* actually found that *Duguid* <u>does</u> apply at the pleading stage and reiterated that "to sustain a claim under 47 U.S.C. § 227(b), 'the equipment in question must use a random or sequential number generator.'" *Gross*, 2021 WL 4804464 at *2. Accordingly, multiple courts have dismissed a complaint premised on TCPA if it is apparent that the complaint's allegations do not support that the equipment in question stores numbers, uses a random or sequential number generator, or uses an artificial or prerecorded voice. *See, e.g.*, *Hufnus v. DoNotPay, Inc.,* No. 20-CV-08701-VC, 2021

WL 2585488, at *2 (N.D. Cal. June 24, 2021); *Barry v. Ally Fin.*, Inc., No. 20-12378, 2021 WL 2936636, at *7 (E.D. Mich. July 13, 2021); *Watts v. Emergency Twenty Four, Inc.*, No. 20-CV-1820, 2021 WL 2529613, at *6 (N.D. Ill. June 21, 2021); *Guglielmo v. CVS Pharmacy, Inc.*, No. 3:20CV1560 (JBA), 2021 WL 3291532, at *2 (D. Conn. Aug. 2, 2021) ("Plaintiff alleges that the calls were made by 'an automated system' and 'automatically dialed.' However, he neither alleges that his number was stored or produced with a random or sequential number generator, nor does he claim that the calls he received used an artificial or prerecorded voice. Thus, under *Facebook's* strict reading of the TCPA, Plaintiff did not properly allege a violation of § 227(b)(1)(A)."); *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1164 (9th Cir. 2023).

Here, Plaintiff's FAC fails to allege facts showing that the equipment in question stores numbers, uses a random or sequential number generator, or uses an artificial or prerecorded voice. Without such facts, there is no claim under the TCPA. Therefore, Plaintiff's FAC should be dismissed.

### III.   CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss.

Dated: April 3, 2024          **CALDARELLI HEJMANOWSKI PAGE & LEER LLP**

By: /s/ *Lee Hejmanowski*
Lee E. Hejmanowski
Micheal L. Wright
Attorneys for Defendants DESERT LAKE GROUP, LLC and CHRIS TIRRELL ARMSTRONG