UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br><br>         Plaintiff,<br><br>  v.<br><br>DESERT LAKE GROUP, LLC, *et al*.,<br><br>         Defendants. | Case No. 23-cv-0959-BAS-KSC<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND (ECF Nos. 16, 18)** |

Pending before the Court are Defendant Ryan Hoggan and Defendant Chris Tirrell Armstrong's motions pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2), 12(b)(5), and 12(b)(6) to dismiss Plaintiff Thane Charman's action. (ECF Nos. 16, 18.) For the following reasons, the Court **GRANTS** Defendants' motions to dismiss. The Court further **GRANTS** Plaintiff leave to amend his Amended Complaint.

I. **Background**

Plaintiff, a resident of San Diego, California, brings this action under the Telephone Consumer Protection Act of 1991 ("TCPA), 47 U.S.C. § 227, which restricts phone solicitations and the use of automated telephone equipment. Plaintiff alleges he registered his phone number on the National Do-Not-Call Registry in May 2019 before receiving at

least nine unauthorized automated text messages to his cell phone between January and July 2020. Plaintiff contends the text messages contained marketing materials and a link to Desert Lake Group, LLC's ("Desert Lake Group") website. Desert Lake Group is an online seller of products containing cannabidiol ("CBD"), a derivative of cannabis plants. Plaintiff asserts Desert Lake Group must have used a random phone search to send these messages because he does not have a prior relationship with the company. Because he did not give prior permission for Desert Lake Group to contact him, Plaintiff claims these text messages violate the TCPA. (FAC at ¶¶ 22–40.)

On May 25, 2023, Plaintiff initiated this suit against Desert Lake Group, a number of other business entities connected to Desert Lake Group, and a number of individual defendants including Ryan Dean Hoggan and Chris Tirrell Armstrong. On May 16, 2023, Plaintiff filed his first Amended Complaint. (FAC, ECF No. 6.) Following notification that Desert Lake Group had declared bankruptcy, Plaintiff dismissed his claims against Desert Lake Group, its associated business entities, and many of the individual defendants. (ECF No. 19.)

On January 12, 2024, Hoggan filed a motion to dismiss contending Plaintiff failed to properly serve him and that Plaintiff fails to plead sufficient facts to assert personal jurisdiction over Hoggan. (ECF No. 16.) On February 9, 2024, Plaintiff served Hoggan again, and Hoggan stipulated service of process was proper. (ECF No. 43.) On January 15, 2024, Armstrong filed a motion to dismiss arguing Plaintiff failed to plead sufficient facts to state a claim under the TCPA. (ECF No. 18.) The Court now considers Hoggan and Armstrong's motions to dismiss.

II.     **Legal Standard**

When raised as a defense by motion, Rule 12(b)(2) authorizes the dismissal of an action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). When a dispute between the parties arises concerning whether personal jurisdiction over a defendant is proper, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Will Co. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022). When the defendant's motion is based

on written materials, and no evidentiary hearing is held, the court will evaluate only whether the plaintiff demonstrates a prima facie showing of personal jurisdiction based on the plaintiff's pleadings and affidavits. *Id*. The court must take unchallenged allegations in the complaint as true, and conflicts between the parties over statements within any affidavits must be resolved in favor of the plaintiff. *Id*.

Under Rule 12(b)(6), the Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

A complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). A complaint states a plausible claim "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not accept conclusory allegations as true; rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted).

Where a complaint fails to state a plausible claim, the court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal quotations omitted).

## II. Analysis

### A. Personal Jurisdiction

Hoggan moves to dismiss Plaintiff's Amended Complaint asserting Plaintiff's allegations are insufficient to assert personal jurisdiction over him. (ECF No. 16 at 8.) The general rule provides personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). For due process to be satisfied, a defendant must have "minimum contacts" within the forum state such that asserting jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Id*. at 1155 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). Both California and federal long-arm statutes require compliance with due process requirements. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

There are two types of personal jurisdiction: general and specific. *Id*. at 118. General jurisdiction allows a court to hear cases unrelated to the defendant's forum activities and exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Fields v. Sedgewick Assoc. Risk, Ltd*., 769 F.2d 299, 301 (9th Cir. 1986). Specific jurisdiction permits the court to exercise jurisdiction over a defendant who has availed itself through forum-related activities that gave rise to the action before the court. *Bancroft & Masters, Inc. v. August Nat'l Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled on other grounds in part by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

Plaintiff does not allege that Hoggan is subject to general jurisdiction in California, and Hoggan attests he does not reside in California or conduct significant business activities in California. (ECF No. 16-1 at 8.) The Court therefore examines if Plaintiff has plead specific jurisdiction. The Ninth Circuit put forth a three-pronged test for specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform

some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of proving the first two prongs and, if successful, the burden shifts to the defendant on the third prong to prove that jurisdiction is unreasonable. *Id.* If any prong is not satisfied, then jurisdiction in the forum would deprive the defendant of due process of law. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).

Defendant Hoggan challenges Plaintiff's assertion of personal jurisdiction arguing the Amended Complaint fails to allege he personally undertook any actions and that he does not direct the activities of the Desert Lake Group or do business in California. (ECF No. 16-1 at 8.) In response to Hoggan's motion, Plaintiff contends Hoggan "is at the center of a business enterprise thru [sic] a web of interlocking LLC and Corporations" that violate the TCPA. (ECF No. 35 at 2.) Plaintiff offers three consumer reports as evidence of the "shell game" of corporations Hoggan uses to perpetrate his marketing scheme. (*Id.*) None of the facts offered in response to Hoggan's motion are included in Plaintiff's Amended Complaint.

When evaluating a motion to dismiss, the court may "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Courts accordingly must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The Court may consider facts raised in opposition papers, however, in deciding whether to grant leave to amend. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003). Plaintiff does not include these consumer reports in his Amended

Complaint.  Courts are permitted to take into account documents that are incorporated by reference in a complaint where the authenticity of those documents is not questioned, *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), but Plaintiff's Amended Complaint does not reference any of the consumer reports or any facts within them.  The Court therefore does not consider Plaintiff's consumer reports evidence to assess whether he has plead sufficient facts supporting personal jurisdiction.

Examining the face of the Amended Complaint, Plaintiff only alleges "Ryan Dean Hoggan can be served at" a Canadian address.  (FAC at ¶ 12.)  This claim is insufficient to establish personal jurisdiction over Hoggan.  Plaintiff does not allege any other facts related to Hoggan.  Plaintiff thus fails to meet his burden for pleading personal jurisdiction.  *See AMA Multimedia*, 970 F.3d at 1208.  Accordingly, pursuant to Rule 12(b)(2), Plaintiff's Amended Complaint is dismissed with respect to Hoggan.  Plaintiff, however, may be able to cure these defects with greater factual specificity.  Therefore, the Court grants Plaintiff leave to amend his Amended Complaint.

### B.   Individual Liability Under the TCPA

Armstrong argues Plaintiff's Amended Complaint fails to allege facts supporting individual liability for violations of the TCPA.  (ECF No. 18-1 at 7.)  Armstrong contends Plaintiff fails to allege any personal participation such that Plaintiff fails to state a claim against him.  (*Id.* at 8.)  Plaintiff, in his opposition to Armstrong's Motion, contends Armstrong "is at the center of a business enterprise thru [sic] a web of interlocking LLC and Corporations that includes Desert Lake Group LLC."  (ECF No. 36 at 5.)  Plaintiff again cites three consumer reports as evidence of this "web" of corporations.  (ECF No. 36 at 6–8.)

The TCPA establishes two potential theories of liability: direct liability and vicarious liability.  *See Thomas v. Taco Bell Corp.*, 582 Fed. App'x. 678, 679 (9th Cir. 2014).  An individual may be directly liable where he personally made the telephone calls at issue or directed someone to make those telephone calls on his behalf.  *See, e.g.*, *Roylance v. ALG Real Est. Servs., Inc.*, No. 5:14-CV-02445-PSG, 2015 WL 1522244, at *3 (N.D. Cal. Mar.

16, 2015), *report and recommendation adopted as modified*, No. 14-CV-02445-BLF, 2015 WL 1544229 (N.D. Cal. Apr. 3, 2015). An individual may be vicariously liable if "the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 786 F.3d 871, 879 (9th Cir. 2014), *aff'd*, 136 S. Ct. 663 (2016). Vicarious liability is applicable when a defendant "controlled or had the right to control [the entity violating the TCPA] and, more specifically, the manner and means of the [telemarketing campaign it] conducted." *Thomas*, 582 Fed. App'x. at 679.

As discussed, the Court does not consider facts not alleged in the complaint or in documents attached to the complaint in a motion to dismiss. *See Outdoor Media*, 506 F.3d at 899. The Court therefore does not consider the consumer reports attached to Plaintiff's Opposition to Armstrong's Motion. Looking only to the Amended Complaint, Plaintiff alleges "Chris Tirrell Armstrong can be served at" a Utah address. (FAC at ¶ 6.) Plaintiff otherwise fails to make any allegations with respect to Armstrong.

Plaintiff does, however, make a number of allegations regarding the singular "Defendant" including that the "Defendant" placed the alleged automated text messages to Plaintiff's phone. (FAC at ¶¶ 31–38.) These allegations are deficient because they fail to provide adequate detail to tell which defendant did what alleged wrong. *See, e.g.*, *Armstrong v. Investor's Bus. Daily, Inc.*, No. CV-18-2134-MWF-JPRX, 2018 WL 6787049, at *10 (C.D. Cal. Dec. 21, 2018) (dismissing a TCPA cause of action where the plaintiff failed to distinguish who did what between four defendants); *Hamilton v. El Moussa*, No. CV-19-8182-CJC-AFMX, 2020 WL 2614625, at *2 (C.D. Cal. Feb. 10, 2020) (dismissing allegations against individual defendants for failing to identify what each individual did).

Because Plaintiff's Amended Complaint fails to allege Armstrong acted in violation of the TCPA, the claims against Armstrong are dismissed. The Court need not reach Armstrong's additional arguments for dismissal. Because it may be possible to correct these deficiencies, the Court grants Plaintiff leave to amend his claims against Armstrong.

## IV. Conclusion

Defendants' motions to dismiss (ECF Nos. 16, 18) are **GRANTED**. The Court dismisses Plaintiff's Amended Complaint with leave to amend. If Plaintiff wishes to file a Second Amended Complaint, he must do so by **May 27, 2024.** Any amended pleading must be separate and complete in and of itself and titled Second Amended Complaint. All exhibits should be attached to the Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED: May 6, 2024**

Hon. Cynthia Bashant
United States District Judge