Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone:  800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual<br>         Plaintiff,<br>v.<br>DESERT LAKE GROUP, LLC, d/b/a FIRST CLASS HERBTINCTURE, d/b/a FIRST CLASSHERBALISTCBD, d/b/a FIRSTCLASSHERBALIST OILS, d/b/a USAHERBALIST OILS,. BENSON CHRISTOPHER HUNTER, an individual. CHRIS TIRRELL ARMSTRONG, an individual. DARIN EDWARD TOONE, an individual. JARED C FORBUSH, an individual. JONATHAN KENTVIRGIN, an individual. NICHOLAS ANTHONYARMSTONG, an individual. NICHOLAS LANE JESSEN, an individual. RYAN DEAN HOGGAN, an individual<br><br>         Defendants, | Civil Case No.:  3:23-cv-00959-BAS-KSC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

**OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Plaintiff Thane Charman with his response to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"), and will allege and show as follows:

## I.     Introduction

This case comes about because Defendants sent unauthorized telemarketing text messages to Plaintiff in violation of the Telephone Consumer Protection Act ("TCPA"). Defendant Desert Lake Group LLC ("Desert Lake") filed for bankruptcy in 2020. Plaintiff has released all Defendants except Chris Tirrell Armstrong ("Armstrong"). Plaintiff will not address the portions of Defendants' Motion To Dismiss that pertain to Desert Lake because Desert Lake has been dismissed as a Defendant.

## II.    Factual Background

Plaintiff filed his initial complaint alleging violations of the TCPA on May 25, 2023. ECF 1. Defendants. Plaintiff filed an Amended Complaint on October 16, 2023. ECF 6.  Defendant Armstrong was served with the Summons and Complaint on November 29, 2023. ECF 9. The other Defendants were served with the Complaint on various days and have all been dismissed. ECF 19, 51-52. Defendant Armstrong filed a Motion to Dismiss on June 11, 2024.

**OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

### III. Arguments

#### A. CORPORATE OFFICERS CAN BE HELD PERSONALLY LIABLE FOR TCPA VIOLATIONS

Plaintiff's allegations, taken as true, are enough to establish that Defendant Armstrong can be held personally liable for the phone calls alleged herein. Under the TCPA, an individual acting on behalf of a corporation may be held personally liable under the TCPA when they directly participated in or personally authorized the violative conduct. *See City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 161 (3rd Cir. 2018); *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, No. 14-CV-3232 (NSR), 2016 WL 1271693, at *5 (S.D.N.Y. Mar. 29, 2016); *Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 3:12 CV 2257, 2014 WL 1333472, at *3 (N.D. Ohio Mar. 28, 2014); *Maryland v. Universal Elections,* 787 F. Supp. 2d 408, 416 (D.Md. 2011)(reasoning that "if an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force"); *Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 745 (D. Md. 2008).

This principle was further illustrated when the Court ruled, "Individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA if they '"had direct, personal participation in or personally authorized the conduct found to have violated the statute."' *Texas v. Am. Blastfax, Inc.,* 164 F.Supp.2d 892, 898 (W.D.Tex. 2001)("[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute,

**OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

and was not merely tangentially involved. Individuals who directly (and here, knowingly and willfully) violate the TCPA should not escape liability solely because they are corporate officers.").

### B. PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO SHOW ARMSTONG IS PERSONALLY LIABLE

Plaintiff's allegations, taken as true, are enough to establish that Armstrong personally participated in the conduct alleged in Plaintiff's Second Amended Complaint and can be held personally liable. Defendant Armstrong is personally liable under the "participation theory" of liability because he had direct and personal participation in the conduct that violated the TCPA or knowingly authorized such conduct. See, e.g., *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12- 22330-CIV, 2015 WL 3644598, at *3 (S.D. Fla. June 10, 2015).

Defendant Armstong was in charge of the marketing. SAC ¶ 42. Armstrong directed the text messages to be placed into California. SAC ¶ 8, 45. Armstrong purposefully directed California to be targeted with solicitation phone calls. SAC ¶ 9. The text messages were placed to Plaintiff's 619 California area code phone number at the direction of Marketing Manager Armstrong. SAC 10(b), 40, 42. Armstrong personally participated in, had personal knowledge of, and directed the activities to include the marketing of Desert Lake Group via text messages sent to California area codes that violated the TCPA. SAC 44.

**OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Armstrong participated in the sending of the text messages in a material way that goes far beyond circumstance. Armstong personally directed the text messages to be sent, and he did so knowing that they were being sent into California. There was material participation by Armstrong, and he can be held personally liable for the text messages.

### C. CONCLUSION

Plaintiff has demonstrated that Defendant Armstrong can be held personally liable for the text messages alleged in Plaintiff's Second Amended Complaint. Furthermore, Defendant Armstrong was not a party to the bankruptcy and his potential liability was not discharged when Desert Lake filed bankruptcy.

For the reasons discussed above, Plaintiff respectfully requests that the Court deny Defendant Armstrong's Motion to Dismiss in its entirety. Alternatively, should the Court decide sufficient facts have not been alleged by Plaintiff, Plaintiff respectfully requests that limited Discovery be granted in order to determine the specific role(s) played by Defendant Armstrong with respect to the text messages received by Plaintiff.

**OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

Dated: June 24, 2024            respectfully submitted,

By: */S/ Thane Charman*

Thane Charman
Pro Se

**OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**